940 F.2d 654
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tolliver QUACO, Defendant-Appellant.
 No. 91-5006.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 17, 1991.
Decided Aug. 7, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, District Judge. (CR-90-275-A)
 Kenneth Michael Robinson, Wallie H. Mason, Robinson & Grimm, Washington, D.C., for appellant.
 Henry E. Hudson, United States Attorney, Cathleen A. Tutty, Special Assistant United States Attorney, Alexandria, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before WIDENER and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Tolliver Quaco appeals his conviction by a jury for possession with intent to distribute cocaine, 18 U.S.C. Sec. 841(a)(1), and possession of cocaine by a prisoner, 18 U.S.C. Sec. 13 assimilating Va.Code 53.1203(5). Quaco claims that the district court erred in admitting Quaco's three statements that he made concerning his swallowing of cocaine. He also argues that the district court erred in imposing his sentence. We affirm.
 
 
 2
 Quaco contends that the district court committed plain error because it admitted his three statements into evidence without showing that these statements were voluntary. The government, however, was not required to demonstrate the voluntariness of two of the statements because they were made to private individuals or to public employee when the purpose of the statement was to further medical treatment. See United States v. Borchardt, 809 F.2d 1115, 1118 (5th Cir.1987) (where medical professional is a public employee and seeks information solely for diagnosis and treatment of patient, he acts on behalf of patient and not as an agent of law enforcement authorities). Quaco's statements were made for the purpose of diagnosis and treatment. The information memorialized in the hospital records was part of the "medical evaluation on admission." Quaco's statement to the doctor at Lorton was made from the floor of the infirmary, while the doctor was attempting to diagnose his illness.
 
 
 3
 Quaco's third statement was made to the officer in charge of the infirmary on the day of his admission. With respect to this statement, Quaco makes no showing that he was interrogated. A finding of voluntariness is not required where there is no government interrogation. Rhode Island v. Innis, 446 U.S. 291, 300-302 (1980). The district court did not err when it admitted these statements.
 
 
 4
 Quaco also complains that his sentence is invalid because the district court made specific reference to incorrect information in the Presentence Report, that is the district court stated that the amount of cocaine recovered from Quaco was greater than that actually found. He conceded, however, that his offense level was stated correctly and unaffected by the incorrect statement regarding the weight of the drugs recovered.*
 
 
 5
 The determination of whether to give a reduction for acceptance of responsibility is a factual one reviewable under the clearly erroneous standard. United States v. Cusack, 901 F.2d 29, 31 (4th Cir.1990); United States v. White, 875 F.2d 427, 431 (4th Cir.1989). The court determined that Quaco volunteered that he was willing to submit to a lie detector test only after his conviction, and that his acceptance of responsibility was quite recent. According to the district court, it came too late. The district court did not err in failing to reduce Quaco's offense level. See United States v. Wilson, 901 F.2d 378 (4th Cir.1990) (timeliness is proper factor to consider). In addition, Quaco continues to protest his innocence of the distribution charge as he maintains that he possessed but a small amount of cocaine. In applying the reduction for acceptance of responsibility, the district court must find that the defendant accepted responsibility for all of his criminal conduct. United States v. Gordon, 895 F.2d 932 (4th Cir.), cert. denied, 59 U.S.L.W. 3247 (U.S.1990). Quaco has not done so.
 
 
 6
 The court did not consider the weight of the drugs as a reason for denying Quaco's motion for a reduction for acceptance of responsibility. The district court did, however, mention the incorrect amount of drugs when he declined to depart from the applicable guideline range. A district court's failure to depart downward is not reviewable on appeal. United States v. Meitinger, 901 F.2d 27 (4th Cir.), cert. denied, 59 U.S.L.W. 3391 (U.S.1990); United States v. Bayerle, 898 F.2d 28 (4th Cir.), cert. denied, 59 U.S.L.W. 3244 (U.S.1990).
 
 
 7
 Throughout his brief, Quaco argued that his trial counsel was ineffective. Such a claim is premature, at best, on appeal and it is in Quaco's interest that it not be considered here. United States v. Lurz, 666 F.2d 69, 78 (4th Cir.1981), cert. denied, 455 U.S. 1005 (1982).
 
 
 8
 Accordingly, we affirm Quaco's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 9
 AFFIRMED.
 
 
 
 *
 Quaco is a career offender and as such, his offense level is dictated by the statutory maximum sentence of the offense with which he is charged. U.S.S.G. Sec. 4B1.1